THE PEOPLE OF THE TERRITORY OF GUAM

v.

EDMUND J. OLSEN, Defendant

Cr. No. 60F-79
Superior Court of Guam
October 24, 1979

- - - - -

- - - - -

WEEKS, Judge

## DECISION AND ORDER

This matter came on for hearing in the above entitled court, the Honorable Janet Healy Weeks presiding, on the 3rd, 4th and 5th day of October, 1979. The Territory was represented by Assistant Attorney General Howard Rose and the defendant was represented by Frederick Kerley. Defendant moved to suppress oral statements made at his home and at police headquarters on February 27 and 28, 1979 and a written statement made at police headquarters on the grounds that they were involuntary and in violation of his rights to counsel and to remain silent.

I. STATEMENT AT DEFENDANT'S HOME.
It is undisputed that the defendant was given his "Miranda" rights at his home. It is the finding of this Court that following the advice of rights the defendant made "an intentional abandonment of a known right or privilege" (Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023) in waiving his right to silence and an attorney.
There are no allegations of coercion regarding the situation at the defendant's home, and thus the Court finds that the Territory has in the totality of the circumstances met its burden of showing by a preponderance of the evidence that the statement was freely and voluntarily given. (Lego v. Twomey, 404 U.S. 477, 92 S. Ct. 619 (1972). The statement at the residence will therefore not be suppressed.

113

II. ORAL AND WRITTEN STATEMENTS AT THE POLICE STATION.

Following the statement at the defendant's residence, there was a break in the interrogation. The defendant was again interrogated upon arriving at Police Headquarters. It is undisputed that the defendant was given and understood his "Miranda" rights. He initialed each of his rights to show that he understood them. However, he refused to sign the waiver of rights form.

The fact that a defendant refuses to sign a waiver of rights form is not dispositive of the question of waiver of the right to counsel and to remain silent (U.S. v. McDaniel, 462 F2d 129, 135, 5th Cir. 1972, U.S. v. Phelps, 443 F2d 246, 248, 5th Cir. 1971), for despite refusal to sign a waiver form a defendant may volunteer a statement without having been questioned further by the authorities (U.S. v. Hopkins, 5th Cir. 1970, 433 F2d 1041, 1044).

The Fifth Circuit framed the issue before this Court in U.S. v. Phelps, supra.

> It is clear that after Phelps refused to sign the waiver, the officers should have ceased interrogating him. It is also clear that subsequent conversation did occur between the investigators and Phelps. The hearing on the motion to suppress does not reveal, however, whether the subsequent questions by the officers were the result of voluntary conversation initiated by Phelps or whether these questions were initiated by the officers themselves without any instigation by Phelps. If the former situation obtains, then under our decision in Hopkins, Phelps' subsequent answers would be admissible. If the latter situation obtain, however, Miranda compels that we hold answers inadmissible. (443 F2d 249, 250)

This language gives effect to the rules laid down by Miranda v. Arizona, 1966, 384 U.S. 436, 86 S. Ct. 1602. First, "If the individual indicated in any manner at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. At this point he has shown that he intends to exercise his Fifth Amendment privilege; and statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise." 384 U.S. 373, 86 S. Ct. 1627.

Second, "If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. ....If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the Government to demonstrate that the defendant knowingly and intelligently waived his privilege

114

against self-incrimination and his right to retain appointed counsel." 384 U.S. 474-75, 86 S. Ct. 1628.

In the instant case the Government has not met its "heavy burden" of showing knowing and intelligent waiver. Defendant refused to sign a statement which said "I am willing to make a statement and answer questions. I do not want a lawyer at this time." This refusal came at 7:00 p.m. It is undisputed that defendant's subsequent statement was the result of questions propounded by officers, and was signed four to five hours after the refusal to sign the waiver form.

> [A] valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact finally obtained...
>
> Whatever the testimony of the authorities as to waiver of rights by an accused, the fact of lengthy interrogation or incommunicado incarceration before a statement is made is strong evidence that the accused did not validly waive the right and that the individual eventually made a statement is consistent with the conclusion that the compelling influence of the interrogation finally forced him to do so. It is inconsistent with any motion of a voluntary relinquishment of the privilege. Miranda, supra, 384 U.S. 475-76 86 S. Ct. 1628.

On the facts of this case it is the conclusion of the Court that the Government has met its burden of showing that the defendant was advised of his Fifth and Sixth Amendment rights, but that the Government has not met the burden of showing that there was a knowing and intelligent waiver of such rights. Consequently, all oral and written statements made at police headquarters on February 27 and 28, 1979 must be suppressed.

IT IS SO ORDERED.